**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

CJC DISTRIBUTORS, LLC,

                 Plaintiff,

      -against-

LOGISTIFY LLC, DIVERSIFIED LOGISTICS, LLC, STAR ONE TRANSPORT LLC, MAJUMDER LOGISTICS, INC. and SWADHIN C. MAJUMDER,

               Defendants,

-----------------------------------------------------------X

       **CASE NO.**

       **VERIFIED COMPLAINT**

Plaintiff CJC DISTRIBUTORS, LLC ("Plaintiff" or "CJC"), by and through its attorneys, Jacobowitz Newman Tversky LLP alleges as follows against Defendants Logistify LLC ("Logistify"), Diversified Logistics, LLC ("Diversified"), Star One Transport LLC ("Star One"), Majumder Logistics, Inc. ("Majumder Logistics") and Swadhin C. Majumder ("S. Majumder") (collectively, the "Defendants"):

## INTRODUCTION

1. This action arises from the deliberate and negligent mismanagement, re-brokering, and misappropriation and subsequent loss of Plaintiff's goods, which were intended for delivery from Nevada to New York, resulting in damages of over $1,000,000.

## PARTIES

2. Plaintiff CJC Distributors, LLC is a limited liability company duly organized under the laws of New York, with its principal place of business at 33 Redfern Avenue, Inwood, New York 11096.

1

3.    Defendant Logistify LLC is a Nevada limited liability company with a principal business address at 9121 W. Russell Road, Las Vegas, Suite 208, Nevada 89148, engaged in arranging and brokering the interstate transportation of freight.

4.    Defendant Diversified Logistics, LLC is an Ohio limited liability company with its principal place of business at 6592 Springdale Road, Cincinnati, Ohio 45247, acting as a freight broker and transportation intermediary.

5.    Defendant Star One Transport LLC is a Florida limited liability company with a principal address at 8120 NE 7th Avenue, Miami, Florida 33138, listed as the designated carrier on the Bill of Lading.

6.    Defendant Majumder Logistics, Inc. is a California corporation with a principal business address at 1441 Visionary Road, Clovis, California 93619, acting as a carrier engaged in the interstate transportation of goods.

7.    Upon information and belief, Defendant Swadhin C. Majumder is a natural person residing at 1441 Visionary Road, Clovis, California 93619. Majumder is the owner of Defendant Majumder Logistics, Inc.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

9.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 as the resulting harm occurred in this District, and Plaintiff's business and delivery destination are located herein.

2

**FACTUAL BACKGROUND**

10. In or around March 2025, CJC contracted to purchase power tools weighing 32,000 pounds ("Goods") from Fasteners Inc. Southern Western Supplies ("Fasteners") located at 2655 E. Washburn Road, North Las Vegas, Nevada 89081.

11. On or about April 24, 2025, Plaintiff contracted with Logistify to arrange for the transport of a shipment of the Goods from Fasteners to Plaintiff's warehouse at 33 Redfern Avenue, Inwood, New York 11096.

12. Logistify, acting as the broker, published the load details on a public load board.

13. Without conducting its due diligence and without verifying its true identity, Logistify assigned Star One as the carrier to pick up the Goods and transport them to New York.

14. On April 25, 2025, Logistify prepared and provided to the Plaintiff, via email, the Bill of Lading showing the Plaintiff's Goods being shipped to Plaintiff's warehouse in New York with Star One Transport LLC as the carrier (the "Original Bill of Lading").

15. Upon information and belief, without conducting its due diligence and without verifying the  true identity of the individual who appeared as an agent of Star One, Logistify released Plaintiff's shipment details and Original Bill of Lading that it had created to Star One.

16. Before the scheduled pickup, an individual representing that he was employed with Diversified and claiming to be an authorized representative of Star One obtained the Original Bill of Lading from Logistify and without authority, re-brokered the shipment to Majumder Logistics to pick up the Goods.

17. Upon information and belief, Majumder Logistics received a copy of the Original Bill of Lading from Diversified showing Star One as a carrier, even though Majumder Logistics had no connection to Star One.

18. On or about April 25, 2025, Majumder Logistics arrived at Fasteners with the Original Bill of Lading bearing Star One's name and information as carrier.

19. Majumder Logistics knowingly accepted the Goods and S. Majumder signed the Original Bill of Lading as Star One, which provided that the Goods were to be delivered to New York.

20. Majumder Logistics and S. Majumder knew that Star One was the listed carrier on the Original Bill of Lading that it received from Diversified as it executed the Original Bill of Lading on April 25, 2025.

21. Upon information and belief, Majumder Logistics and S. Majumder also knew that he received the Original Bill of Lading from Diversified, not from Logistify or Star One, and that Diversified was not the freight broker.

22. The shipping instructions on the Original Bill of Lading required the Goods to be delivered to Plaintiff in New York.

23. Based on review of  emails and correspondence between Majumder Logistics and Diversified, Plaintiff has knowledge that after picking up the Goods, Majumder Logistics accepted a fraudulent Bill of Lading (the "Fraudulent Bill of Lading") from Diversified, which named the Plaintiff "CJ" instead of "CJC," removing Star One as the Carrier and replacing it with Majumder Logistics Inc., providing for a different broker than the Original Bill of Lading and directing to transfer the Goods  from Fasteners to California, not New York.

24. S. Majumder and Majumder Logistics ignored the Original Bill of Lading that S. Majumder executed that provided for a different broker, carrier, delivery address and instead transported the Goods to California in accordance with the Fraudulent Bill of Lading.

4

25. The shipment was never delivered to CJC, resulting in a total loss of $1,081,133.29, not including replacement costs.

**CLAIMS FOR RELIEF**

**AS AND FOR A FIRST CAUSE OF ACTION**
**Breach of Contract - Logistify LLC**

26. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

27. On or about April 24, 2025, Plaintiff and Logistify entered into a valid and enforceable contract whereby Logistify agreed to arrange for the transportation of the Goods from Nevada to Plaintiff's warehouse in New York for a set fee.

28. CJC fully performed all obligations required under the Agreement, including providing accurate shipment information and making the Goods available for pickup.

29. Logistify breached the contract by, among other things, failing to properly verify the identity and authority of the carrier before releasing shipment information; releasing the Original Bill of Lading to unauthorized parties; failing to ensure that only Star One, the properly designated carrier, received the shipment information; failing to implement adequate procedures to prevent unauthorized access to CJC's shipment details; failing to arrange for the safe delivery of the Goods to the designated destination; and failing to perform its contractual obligations with the degree of care and skill expected of a professional freight broker.

30. Logistify's breaches were material and went to the essence of the contract, as the core purpose of the agreement was to arrange for the safe and secure transportation of CJC's Goods to New York.

31. As a direct and proximate result of Logistify's breach of contract, CJC sustained substantial damages, including but not limited to the loss of the Goods valued at $1,081,133.29,

5

costs associated with replacing the Goods, lost profits, consequential damages, and costs incurred in investigating and attempting to recover the Goods.

## AS AND FOR A SECOND CAUSE OF ACTION
### Breach of Fiduciary Duty - Logistify LLC

32. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

33. At all relevant times, Logistify acted as a freight broker and transportation intermediary, undertaking to arrange for the safe and secure transportation of Plaintiff's Goods from Nevada to New York.

34. By virtue of its role as freight broker and the nature of its relationship with Plaintiff, Logistify occupied a position of trust and confidence with respect to Plaintiff's shipment and confidential shipping information.

35. Logistify owed Plaintiff fiduciary duties, including but not limited to acting in CJC's best interests in selecting and vetting carriers, exercising care, skill, and diligence in protecting CJC's confidential shipment information; avoid negligent or reckless conduct that would harm CJC's interests; protect CJC's property from foreseeable third-party interference or fraud; and disclose material facts and risks related to the transportation arrangement.

36. CJC reasonably relied upon Logistify's expertise, professional judgment, and representations that it would properly arrange for the safe transportation of the Goods.

37. Logistify breached its fiduciary duties to CJC by, among other things, failing to exercise reasonable care in verifying the identity and credentials of Star One before releasing confidential shipment information; negligently or recklessly disclosing CJC's confidential shipment details to unauthorized third parties; and failing to properly supervise and monitor the carrier selection and authorization process.

6

38. Logistify's breach of fiduciary duty was willful, wanton, and in conscious disregard of CJC's rights and interests.

39. As a direct and proximate result of Logistify's breach of fiduciary duty, CJC suffered substantial damages.

40. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, but not less than $1,081,133.29, together with punitive damages, interest, costs, attorney's fees, and such other relief as the Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION
### Negligence - Logistify LLC

41. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

42. Logistify is a licensed freight broker operating in interstate commerce.

43. Logistify, as authorized broker, owed CJC a duty to exercise reasonable care, including but not limited to, selecting qualified, authorized, and legitimate motor carriers; conducting appropriate due diligence by verifying the carrier's identity and credentials before releasing shipment information; protecting shipment details and Bills of Lading; and ensuring that load information was provided only to properly authorized and verified carriers.

44. Logistify breached its duty of care owed to CJC by, among other things, failing to exercise reasonable diligence in verifying the identity and authority of Star One, negligently releasing shipment information and the Original Bill of Lading to unauthorized parties, allowing Diversified Logistics to obtain shipment details and the Original Bill of Lading while falsely representing itself as the authorized carrier, failing to detect or prevent the fraudulent misrepresentation by Diversified Logistics; and failing to exercise the degree of care that a reasonably prudent freight broker would exercise under similar circumstances.

45. Logistify's negligent acts and omissions were the direct and proximate cause of CJC's damages.

46. But for Logistify's negligent failure to verify carrier identity and protect shipment information, the Goods would not have fallen into the hands of unauthorized parties and would have been delivered safely to CJC's facility in New York.

47. As a direct and proximate result of Logistify's negligence, CJC suffered substantial damages including, but not limited to, loss of the Goods valued at $1,081,133.29, costs associated with replacing the Goods, lost profits, costs of investigating and attempting to recover the Goods, and other consequential damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Negligence – Star One

48. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

49. At all relevant times, Star One owed Plaintiff a duty to exercise reasonable care in performing its obligations as the designated carrier identified on the Original Bill of Lading, including ensuring that the shipment of Plaintiff's Goods was handled, transported, and delivered only by authorized personnel and in accordance with shipping instructions.

50. Star One further owed a duty to maintain secure control over its carrier credentials, motor carrier number, and identifying information to prevent unauthorized third parties from using its identity to obtain carrier information or transport shipments.

51. Star One breached its duty of care by, among other things, failing to protect its carrier identity and credentials from unauthorized use or impersonation; failing to supervise, monitor, or verify communications or transactions conducted under its name; and failing to ensure that only authorized representatives accepted, signed, or performed under Bills of Lading issued in Star One's name.

8

52. As a direct and proximate result of Star One's negligence, Diversified Logistics and Majumder Logistics were able to use Star One's carrier identity to wrongfully obtain Plaintiff's shipment, resulting in the total loss of the Goods valued at approximately $1,081,133.29.

53. Plaintiff suffered damages, including the full value of the lost Goods, incidental and consequential damages, and other losses in an amount to be determined at trial.

### AS AND FOR A FIFTH CAUSE OF ACTION
**Negligence – Diversified Logistics**

54. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

55. At all relevant times, Diversified Logistics held itself out as a logistics company, engaged in the business of arranging transportation services in interstate commerce.

56. Diversified Logistics, as a professional carrier in logistics and transportation, owes a duty of care to its customers, like Plaintiff, to safely transport goods and avoid foreseeable harm.

57. This duty includes protecting its operations, securing its identity, and ensuring accurate representations of its services.

58. Despite its obligations, Diversified Logistics failed to implement reasonable measures to protect its identity and ensure its name and credentials were not misappropriated by unauthorized third parties.

59. To the extent Diversified Logistics failed to take reasonable measures to protect its identity, the failure allowed a fraudulent third party to misrepresent itself as Diversified Logistics and participate in the fraudulent scheme that resulted in the loss of Plaintiff's Goods.

60. By reason of the foregoing, Plaintiff suffered damages in an amount to be determined at trial, but no less than $1,081,133.29.

9

## AS AND FOR A SIXTH CAUSE OF ACTION
### Negligence – Majumder Logistics

61. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

62. At all times relevant hereto, Majumder Logistics was a motor carrier engaged in the business of transporting goods in interstate commerce.

63. Majumder Logistics, as a licensed carrier, owed a duty to verify the authenticity of the Original Bill of Lading and ensure compliance with the shipment terms.

64. Majumder Logistics owed CJC a duty to exercise reasonable care in verifying the authenticity and accuracy of the Original Bill of Lading, ensuring that it was authorized to take possession of the Goods; confirming its identity and authority to act as carrier; and transporting and delivering the Goods to the destination specified in the Original Bill of Lading.

65. Majumder Logistics breached this duty by accepting possession of the Goods without proper authority, signing the Original Bill of Lading as "Star One" when it was not Star One, and transporting the Goods to the wrong destination.

66. Majumder Logistics' negligent acts and omissions, in addition to its fraudulent conduct, were the direct and proximate cause of CJC's damages.

67. Majumder Logistics' negligence was wanton, reckless, and in complete disregard of CJC's rights, warranting an award of punitive damages.

68. By reason of the foregoing, Plaintiff suffered compensatory damages in an amount to be determined at trial, but not less than $1,081,133.29, punitive damages, plus interest, costs, attorney's fees, and such other relief as the Court deems just and proper.

## AS AND FOR A SEVENTH CAUSE OF ACTION
**Fraud – S. Majumder**

69. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

70. S. Majumder knowingly and intentionally accepted and used the Original Bill of Lading that it received from Diversified, despite knowing it had no relationship with Star One and that Diversified had no authority to provide that Original Bill of Lading, thereby enabling S. Majumder to gain possession of Plaintiff's Goods.

71. After taking possession of the Goods under the Original Bill of Lading, S. Majumder knowingly disregarded the Original Bill of Lading and accepted the Fraudulent Bill of Lading reflecting a different delivery destination, different carrier, different broker, typo in Plaintiff's name, and did so without the knowledge or consent of Plaintiff or Star One, thereby facilitating its fraudulent diversion of the Goods.

72. S. Majumder's fraudulent misrepresentations were made with the specific intent to induce Fasteners to release the Goods to Majumder's possession and control.

73. S. Majumder made these false representations knowingly, intentionally, and with the intent to deceive Fasteners and Plaintiff to fraudulently obtain possession of CJC's Goods.

74. Alternatively, S. Majumder made these false representations to Fasteners with reckless disregard for their truth or falsity and without any reasonable basis to believe them to be true.

75. Plaintiff and Fasteners reasonably relied on the false representations made by S. Majumder and Majumder Logistics that it was the correct carrier to pick up the Goods because S. Majumder possessed and signed the Original Bill of Lading, thereby falsely representing that it was acting as Star One, the authorized carrier.

76. By presenting the Original Bill of Lading and signing it as Star One, S. Majumder intentionally created the appearance that it was the legitimate and authorized Star One carrier assigned by Logistify.

77. S. Majumder knowingly and fraudulently signed the Original Bill of Lading as Star One when he knew it was not Star One and had no authority to represent itself as such.

78. Plaintiff reasonably relied on the assumption that any carrier presenting the Original Bill of Lading, including the signature and carrier information, was acting within its actual authority and would comply with the delivery instructions identifying New York as the destination.

79. S. Majumder subsequently received and used a revised Bill of Lading issued after pickup and knowingly diverted Plaintiff's Goods from the contracted route and destination to another location.

80. Plaintiff further relied on the belief that no revised or altered bill of lading would be issued after pickup without Plaintiff's knowledge or consent, and that any change in destination would require authorization from Plaintiff or its designated freight broker. Majumder's acceptance and use of a revised Bill of Lading constituted a material deviation from those expectations and undermined Plaintiff's reliance.

81. S. Majumder's fraudulent conduct was done with the intent to deprive CJC of its property and to wrongfully divert the Goods.

82. As part of this fraudulent scheme, S. Majumder wrongfully delivered the Goods to California rather than to CJC in New York, contrary to the terms of the Original Bill of Lading and in furtherance of the fraud.

83. As a direct and proximate result of S. Majumder's fraud, Plaintiff sustained damages, including but not limited to, the full value of the Goods and replacement costs.

84. S. Majumder's fraudulent conduct was willful, wanton, malicious, and undertaken with conscious disregard for CJC's rights, warranting an award of punitive damages to punish such conduct and deter similar conduct in the future.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### Conversion – S. Majumder and Majumder Logistics

85. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

86. At all times, CJC was the owner of the Goods with superior right to possession of the Goods.

87. On or about April 25, 2025, S. Majumder and Majumder Logistics wrongfully took possession of the Goods from Fasteners by fraudulently representing themselves as Star One, the authorized carrier.

88. S. Majumder and Majumder Logistics had no lawful right or authority to take possession of the Goods.

89. S. Majumder and Majumder Logistics intentionally exercised unauthorized dominion and control over the Goods without permission or authority by transporting them in a manner inconsistent with CJC's ownership rights or the Star One Bill of Landing.

90. S. Majumder and Majumder Logistics acted knowingly and deliberately in exercising control over the Goods, with full awareness that they had no right to do so.

91. S. Majumder and Majumder Logistics' unauthorized exercise of dominion and control constitutes conversion of the Goods.

92. As a direct and proximate result of S. Majumder and Majumder Logistics' conversion of Goods, CJC has been permanently deprived of the Goods and has suffered substantial damages.

93. Because of the foregoing, Plaintiff has suffered financial harm, in an amount to be determined at trial, but no less than $1,081,133.29.

**AS AND FOR A NINTH CAUSE OF ACTION**
**Violation of the Carmack Amendment (49 U.S.C. § 14706) –**
**Liability of Common Carrier for Loss or Damage to Goods – Majumder Logistics**

94. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

95. Majumder Logistics is a motor carrier, engaged in the transportation of property in interstate commerce within the meaning of 49 U.S.C. § 14706.

96. Majumder Logistics is strictly liable for the loss of or damage to the goods entrusted to it for interstate transport.

97. Plaintiff contracted for the shipment of Goods from Las Vegas, Nevada, to Inwood, New York, and a bill of lading was issued designating the Plaintiff's New York address as the delivery destination.

98. Upon taking possession of the Goods, Majumder Logistics became a carrier subject to the Carmack Amendment, 49 U.S.C. § 14706, which governs carrier liability for loss or damage to property transported in interstate commerce.

99. Despite Majumder Logistics' obligations, the Goods were not delivered to the destination as agreed upon in the Original Bill of Lading.

100. Majumder Logistics failed to provide an adequate explanation for the non-delivery and has refused to compensate Plaintiff for the loss of the goods.

101. Pursuant to 49 U.S.C. § 14706, Majumder Logistics, as the carrier in actual possession of the Goods, is liable to CJC for the actual loss of the Goods, including the full value of the Goods at the time and place of shipment.

102. The full value of the Goods that were lost due to Majumder Logistics' failure to deliver is $1,081,133.29.

103.    Majumder Logistics' failure to perform its obligations as a carrier was a direct and proximate cause of the damage sustained by Plaintiff.

104.    Majumder Logistics cannot establish any valid defense to liability under the Carmack Amendment, as the loss was directly caused by Majumder's failure to deliver to the proper destination.

105.    Pursuant to 49 U.S.C. § 14706, Majumder Logistics is jointly and severally liable to Plaintiff for the actual loss, in the amount of $1,081,133.29, together with all other damages permitted under the Carmack Amendment.

## AS AND FOR A TENTH CAUSE OF ACTION
### Violation of the Carmack Amendment (49 U.S.C. § 14706) – Liability of Common Carrier for Loss or Damage to Goods – Star One

106.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

107.    Star One is a motor carrier, engaged in the transportation of property in interstate commerce within the meaning of 49 U.S.C. § 14706.

108.    Star One is strictly liable for the loss of or damage to the goods entrusted to it for interstate transport.

109.    Plaintiff contracted for the shipment of Goods from Las Vegas, Nevada, to Inwood, New York, and a bill of lading was issued designating the Plaintiff's New York address as the delivery destination.

110.    Star One was assigned by Logistify as the authorized carrier to transport the Goods and a bill of lading was issued bearing Star One's name and identifying Star One as the carrier.

111.    By being designated as the carrier on the Original Bill of Lading, Star One accepted responsibility for the transportation of the Goods under the Carmack Amendment, 49 U.S.C. § 14706.

112.    Under the Carmack Amendment, a carrier listed on the bill of lading is liable for loss or damage to the shipment, regardless of whether it physically transported the goods.

113.    The Original Bill of Lading was issued to Star One and it is therefore deemed the carrier issuing and receiving the shipment under 49 U.S.C. § 14706.

114.    Star One failed to deliver the Goods to the destination designated in the Original Bill of Lading and is strictly liable for the full loss of the Goods.

115.    Star One's failure to perform its obligations as the designated carrier was a direct and proximate cause of the damage sustained by Plaintiff.

116.    Star One cannot establish any valid defense to liability under the Carmack Amendment, as it accepted responsibility as the named carrier and the Goods were never delivered.

117.    Pursuant to 49 U.S.C. § 14706, Star One is jointly and severally liable to Plaintiff for the actual loss, in the amount of $1,081,133.29, together with all other damages permitted under the Carmack Amendment.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
**Misappropriation – S. Majumder and Majumder Logistics**

118.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

119.     Plaintiff has possessory rights therein to the profits of the Goods that it purchased.

120.    S. Majumder and Majumder Logistics surreptitiously and unlawfully misappropriated Plaintiff's Goods by altering the bill of lading, diverting the shipment, and selling the Goods for its own gain and without Plaintiff's authorization.

16

121.    S. Majumder and Majumder Logistics acted with fraudulent intent to misappropriate the Goods for its own benefit, knowing it had no right to possess or control them.

122.    S. Majumder and Majumder Logistics' unauthorized use and sale of the Goods constitutes misappropriation of Plaintiff's property, causing substantial financial loss.

123.    By reason of the foregoing, Plaintiff suffered damages in an amount to be determined at trial, but no less than $1,000,000.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### Unjust Enrichment – S. Majumder and Majumder Logistics

124.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

125.    S. Majumder and Majumder Logistics wrongfully took possession of Plaintiff's Goods and diverted them to California, at the expense of Plaintiff, without providing compensation.

126.    S. Majumder and Majumder Logistics have been unjustly enriched by its wrongful conduct, including the unauthorized possession, sale, and retention of profits from the Goods.

127.    It is inequitable for S. Majumder and Majumder Logistics to retain the profits obtained from the unauthorized sale of the Goods, which Plaintiff legally owned.

128.    By reason of the foregoing, Plaintiff has suffered financial harm, in an amount to be determined at trial, but no less than $1,081,133.29.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

1. Awarding Plaintiff damages, the precise amount to be determined at trial, but no less than $1,081,133.29.

2. Awarding Plaintiff punitive damages in an amount to be determined at trial;

3. Awarding Plaintiff its attorneys' fees, costs and disbursements of this action; and

4. Such other and further relief as the Court deems just and proper.

Dated: Cedarhurst, New York
      December 11, 2025

**JACOBOWITZ NEWMAN TVERSKY LLP**
*Attorneys for Plaintiff*

By: /s/ Aviva Francis_____
      Aviva Francis
      Rachel Wrubel
377 Pearsall Ave, Suite C
Cedarhurst, New York 11516
Tel: (212) 612-1110
Fax: (212) 671-1883
Email: afrancis@jntllp.com

## VERIFICATION

STATE OF NEW YORK     :

                                      ss.

COUNTY OF _NASSAU_____ :

I, _JEFFREY FRIEDBERG___ , of full age, being duly sworn according to law, under oath, hereby deposes and says:

1.     I am the _PRESIDENT___ for CJC DISTRIBUTORS LLC, the Plaintiff named in the annexed Verified Complaint.

2.     I have read the foregoing Verified Complaint and am familiar with the contents thereof.

3.     The matters and statements set forth in said Verified Complaint are true to my personal knowledge based upon my experience with this matter and my review of the official files for CJC DISTRIBUTORS LLC.

_____ - Jeffrey Friedberg

Signed and sworn before me

This _4ᵀ_ day of _Decerbr_____ , 2025

_____

My Commission Expires: _2/15/2027_____

SETH SCHLESSEL
Notary Public, State of New York
No. 02SC0001533
Qualified in Nassau County
Commission Expires 02/15/2027